UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. WOLTERS,

        Plaintiff,

v.

C. MICHAEL COOLEY, et al.,

        Defendants.

                                        /

File No.  1:05-CV-144

HON. ROBERT HOLMES BELL

## **O P I N I O N**

By order dated September 29, 2006, this Court dismissed Plaintiff David A. Wolter's claims and all counterclaims against him pursuant to the parties' stipulation. (Docket # 56). Thereafter this civil case was administratively terminated. This matter comes before the Court on Defendant Demi & Cooper, Inc.'s ("Demi & Cooper") motion to reopen the case to enable it to proceed with its cross-claim against Defendant The Sportsman Channel, LLC ("Sportsman"). In support of this motion Demi & Cooper notes that neither the stipulation to dismiss nor the order of dismissal addressed Demi & Cooper's cross-claim against Sportsman.

Defendant Sportsman does not dispute Demi & Cooper's representation that the stipulation to dismiss was never intended to dispose of Demi & Cooper's cross-claim against Sportsman. Sportsman nevertheless declines to concur in the motion to reopen based upon its assertion that because the Court dismissed the claims over which it had original jurisdiction pursuant to 28 U.S.C. § 1338, the Court's retention of supplemental jurisdiction over Demi & Cooper's state law cross-claim is no longer justified.

The parties' pleadings raise two separate and independent issues. The first issue pertains to the administrative termination of the case. Because the parties did not intend to dismiss the cross-claim and because neither the stipulation nor the order of dismissal addressed the cross-claim, the administrative termination of this entire case was clearly in error. Sportsman erroneously assumes that the cross-claim was been dismissed as a result of the termination of the case. It was not. The administrative termination of the case did not constitute a ruling on the cross-claim. The Court will accordingly reopen the case so that the cross-claim can be addressed.

Sportsman's response, however, raises a separate issue concerning the Court's subject matter jurisdiction over the cross-claim. Demi & Cooper alleges in its cross-claim that Sportsman, a Wisconsin limited liability company with its principal place of business in Wisconsin, agreed to defend and indemnify Demi & Cooper, an Illinois corporation with its principal offices in Illinois, from any causes of action arising out of the photograph that was at issue in this case. Cross-Cl. ¶¶ 1, 3, 11, 15. (Docket # 32). The agreement is governed by Illinois law. Cross-Cl. Ex. A, ¶ 2.

Sportsman contends that because the cross-claim arises under state law and because the dispute is for less than $10,000, the Court does not have original jurisdiction over the cross-claim and the interests of judicial economy, convenience, and fairness all weigh against the Court's exercise of supplemental jurisdiction.

District courts have discretion to decline to exercise supplemental jurisdiction over state law claims if the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Widgren v. Maple Grove Twp.*, 429 F.3d

575, 586 (6th Cir. 2005) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

      The pleadings do not specify the amount in controversy and the Court has not received any response from Demi & Cooper to the subject matter jurisdiction arguments contained in Sportsman's response to the motion to reopen. Because resolution of the issue of supplemental jurisdiction was not necessary to the resolution of the motion to reopen and is not squarely before the Court on a motion to dismiss, the Court believes it is reasonable to permit Demi & Cooper an opportunity to respond to Sportsman's jurisdictional challenge. Accordingly, Demi & Cooper will have ten days from the filing of this order to show cause, if any, why the Court should not dismiss the cross-claim. If no response is filed within that time frame, the Court will dismiss the cross-claim without prejudice.

      An order consistent with this opinion will be entered.


Date:   December 8, 2006              /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE