UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. WOLTERS,

    Plaintiff,

v.

C. MICHAEL COOLEY, et al.,

    Defendants.
                                         /

File No. 1:05-CV-144

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER
<u>DISMISSING CROSS-CLAIM WITHOUT PREJUDICE</u>**

On December 8, 2006, this Court ordered Demi & Cooper, Inc. to show cause why the Court should not dismiss its remaining state law cross-claim without prejudice for lack of jurisdiction. (Docket # 61).

In response to the show cause order Demi & Cooper asserts that interests of judicial economy, convenience, fairness, and comity weigh in favor of retaining jurisdiction over its cross-claim because the administrative termination of this case was in error, this Court is familiar with the parties and proceedings, and the cross-claim does not involve a complex state law issue.

The prior administrative termination of this case does not have any bearing on the jurisdictional issue. The existence of subject matter jurisdiction "is an issue that may be raised at any time, by any party or even sua sponte by the court itself." *Community Health*

1

*Plan of Ohio v. Mosser*, 347 F.3d 619, 622 (6th Cir. 2003) (quoting *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994)).  In fact, the Court has an independent obligation to address its subject matter jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).  "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . . " *Widgren v. Maple Grove Twp.*,  429 F.3d 575, 586 (6th Cir. 2005) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).  Thus, it was not the administrative termination of this case but the dismissal of the federal claims that triggered the need to analyze subject matter jurisdiction.

Demi & Cooper correctly notes that dismissal of the state claims is not mandatory merely because the federal claims have been dismissed. The district court has "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transport Co. v. Penn Cent. Corp.*  196 F.3d 617, 620 (6th Cir. 1999) (quoting *Musson*, 89 F.3d at 1254).   In exercising that discretion the district court considers "judicial economy, convenience, fairness, and comity." *Id*.  (quoting *Musson*, 89 F.3d at 1254-55).

Although this case has been pending in this Court for over a year, contrary to Demi & Cooper's assertions, the Court has not become familiar with the parties or the proceedings. The Court's only involvement in this case to date has been procedural.  The Court has not been called on to make any substantive rulings.   Under the circumstances, the Court is satisfied that the balance of the interests of judicial economy, convenience, fairness, and

comity weigh in favor of dismissal of the state law claim. The Court declines to exercise supplemental jurisdiction over Demi & Cooper's cross-claim. 28 U.S.C. § 1367(c)(3). Accordingly,

**IT IS HEREBY ORDERED** that Demi & Cooper, Inc.'s cross-claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.


Dated:   December 29, 2006          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE